IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY FRANK GODFREY,<br>    Plaintiff, | Civil Action No. 7:06-cv-00187 |
| v. | **MEMORANDUM OPINION** |
| WASHINGTON COUNTY, et. al., <br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Johnny Frank Godfrey, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343, and under 28 U.S.C. § 2241. In his complaint, Godfrey alleges that officials from Washington County, Virginia, failed to follow proper extradition procedures when they obtained him from a North Carolina jail and brought him back to Virginia to face criminal charges. He also alleges that living conditions at the Southwestern Virginia Regional Jail are unconstitutional and that jail officials have failed to provide him with adequate medical treatment.

The court filed the complaint conditionally and granted Godfrey an opportunity to particularize his claims. He submitted a lengthy motion to amend, which the court granted. Upon consideration of the complaint and amendments, however, the court finds that several portions of this action must be dismissed.

First, the court must dismiss all aspects of Godfrey's petition that seek habeas relief under § 2241, whether based on the allegedly improper extradition procedures or the living conditions at the jail. A state inmate claiming unconstitutional confinement before conviction must give the state courts an opportunity to address his claims before seeking federal habeas relief under §2241. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973). Only after he has exhausted his state court remedies, by proceeding to the Supreme Court of Virginia and receiving a ruling from that court, can the inmate file a petition in this court under § 2241. As Godfrey offers absolutely no indication that he has presented any of his claims for habeas relief to any state court, this court must dismiss his § 2241 claims without prejudice for failure to exhaust state court

1

remedies. His claims under § 1983 for monetary damages for improper extradition may go forward, however. See Young v. Nickols, 413 F. 3d 416, 419 (4th Cir. 2005); Wirth v. Surles, 562 F.2d 319 (4th Cir.1977).

Second, the court must dismiss all Godfrey's claims regarding the jail's administrative remedies system, pursuant to 28 U.S.C. § 1915A.[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts. Flick, 932 F.2d at 729.

Third, several of plaintiff's claims concerning the living conditions at the jail must be dismissed. Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Generally, conditions cannot

---

[1] Godfrey also complains that use of the jail's administrative remedy system is futile and that therefore, Godfrey should not be required to exhaust his administrative remedies before filing this lawsuit as required under 42 U.S.C. §1997e(a). The United States Supreme Court has soundly rejected this argument. See Nussle v. Porter, 534 U.S. 516, 122 S. Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731 (2001). Therefore, Godfrey is hereby advised that if the defendants demonstrate that Godfrey has not exhausted his available administrative remedies as to any of his claims, the lawsuit must be dismissed, based on that omission, whether or not he has consented to pay the filing fee.

2

be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and cause no more than de minimis harm. Id..

Even after the court advised Godfrey to particularize his claims, his amended allegations fall short under this standard as to several claims. The following claims must be dismissed, pursuant to § 1915A, because Godfrey fails to allege that the challenged conditions have caused him more than de minimis harm: denial of adequate food or a proper diet; the requirement that he must be restrained in cuffs and chains while walking through the jail; denial of "adequate" recreation, fresh air, and sunlight; officers forcing him to wait in a cold cell early in the morning for "hours" before being transported to court; and denial of adequate means for inmates in their cells to communicate to officers about risks to their safety.

Fourth, Godfrey himself moves for dismissal of all claims against Polk County, North Carolina. The court will grant this motion and dismiss all such claims without prejudice. The court will also dismiss all claims against the Southwestern Virginia Regional Jail facility, as this facility is not a person under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Fifth, Godfrey fails to state any claim of retaliation actionable under § 1983. Godfrey vaguely claims that jail officers have been hostile to him, have not processed his grievances and other written requests properly, refused to complete the inmate account report form for him, threatened and intimidated him, and "cussed" him out. He fears that he will be beaten and held in isolation to keep him quiet. Unidentified officers have allegedly told him that his lawsuit is not going anywhere, that they know the judge, and that he (Godfrey) is going to "get it." He fears that the alleged inadequacies in his medical treatment stem in some unidentified way from these incidents. Such conclusory allegations of retaliation fail to state any constitutional claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Verbal abuse and harassment by guards, without more, does not state any constitutional claim. See Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (guard's verbal harassment or idle threats to an

3

inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest).

In conclusion, most of plaintiff's claims must be dismissed, based on the insufficiency of his allegations as amended. However, the court will not at this time dismiss: (1) Godfrey's claims that the Washington County Sheriff and unknown officers of the Southwestern Virginia Regional Jail wrongfully transported plaintiff from North Carolina to Virginia without following proper extradition procedures; (2) Godfrey's claims against the sheriff and Tim Evans that plaintiff is receiving inadequate access to legal materials, legal postage, and other necessities for pursuing litigation efforts, and (3) Godfrey's claims that the sheriff, Tim Evans, unknown medical directors, and Ms. Huff are acting with deliberate indifference to plaintiff's serious medical needs.[2] All other claims under § 1983 against all other defendants will be dismissed, pursuant to § 1915A. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 28th day of April, 2006.

Senior United States District Judge

---

[2]If plaintiff believes that he needs immediate court intervention regarding his medical treatment, he may move for a preliminary injunction once he has consented to pay the $250.00 filing fee as required.

4