CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY FRANK GODFREY,<br>    Plaintiff, | Civil Action No. 7:06-cv-00187 |
| v. | **ORDER** |
| WASHINGTON COUNTY, et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

In accordance with the Memorandum Opinion entered this day, it is hereby

**ADJUDGED and ORDERED**

as follows:

1. Plaintiff's request to dismiss all claims against Polk County, North Carolina, is hereby **GRANTED** and all such claims are hereby **DISMISSED** without prejudice;

2. All plaintiff's claims under 28 U.S.C. § 2241 are hereby **DISMISSED** without prejudice for failure to exhaust state court remedies;

3. All plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, are hereby **DISMISSED** without prejudice, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state any actionable claim **EXCEPT** plaintiff's claims that:

    a. The Washington County Sheriff and unknown officers wrongfully transported plaintiff from North Carolina to Virginia without following proper extradition procedures;

    b. The sheriff and Tim Evans are denying plaintiff adequate access to legal materials, legal postage, and other necessities for pursuing litigation efforts; and

    c. The sheriff, Tim Evans, unknown jail medical directors, and Ms. Huff are acting with deliberate indifference to plaintiff's serious medical needs.

4. Based on the dismissal of claims as outlined in this order and the accompanying memorandum opinion, the clerk **SHALL** terminate this case as to all defendants or respondents **EXCEPT** these newly named defendants: the sheriff of Washington County, Virginia; unknown transport officers from Washington County; Tim Evans; unknown SWVRJA medical directors; and Ms. Huff.

5. Plaintiff's request for free photocopies of all documents filed in this court is hereby **DENIED**. Plaintiff is advised to make and keep copies of such documents for his own records.

6. Plaintiff's request for appointment of counsel in this case is hereby **DENIED**. Counsel is appointed to a civil plaintiff only upon a showing of exceptional circumstances necessitating such appointment. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Plaintiff has made no such showing at this time as to the civil claims raised in this action.

7. The court notes that no further action will be taken in this case until plaintiff executes and returns the form to fee form, thereby agreeing to pay the $250.00 filing fee through installments from his inmate account. Plaintiff is advised that this court has no authority to waive this civil filing fee for a prisoner plaintiff regardless of his proof of indigency.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendants.

ENTER: This 28th day of April, 2006.

*James C. Turk*
Senior United States District Judge