IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY FRANK GODFREY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON CO. JAIL, et al., )<br>    Defendants. ) | Civil Action No. 7:06-cv-00187<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the court upon Plaintiff Godfrey's "emergency" motions (Dkt. #14, #21 and #23) alleging denial of access to courts by officials at the Danville City Jail ("the Danville jail"). In the later motions, Godfrey also seeks to amend the action to name new defendants: Danville City Authorities and Sheriff of [Danville City] Jail. Because his new allegations do not concern the claims raised in his original complaint, the court will deny the motions to amend and the motions for interlocutory injunctive relief in this case, but will direct the clerk to file the motions as a new civil action.

The original complaint in this action raised claims under 28 U.S.C. § 2241 and 42 U.S.C. § 1983. The court dismissed all claims under § 2241 because Godfrey had not yet presented such claims to the Supreme Court of Virginia.[1] The only claims going forward in the current civil action are against defendants at the Washington County Sheriff's Office and the Southwestern Virginia

---

[1] In his current motion, he also seeks reinstatement of the § 2241 claims and asserts that he should be released from confinement. Although he states that he attempted to raise his habeas claims in the Danville Circuit Court, he does not allege that he has presented the claims to the Supreme Court of Virginia as required for exhaustion. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Therefore, to the extent that he seeks reinstatement of his habeas claims, his motion must be denied. Moreover, even if he could prove wrongful extradition from North Carolina to Virginia, such proof would not be a defense to the criminal proceedings against him in Virginia. See Wirth v. Surles, 526 U.S. 319, 323 (1977).

1

Regional Jail, alleging denial of access to legal materials at that jail, inadequate medical care, and illegal extradition.

In his current motions, Godfrey seeks a court order directing officials at the Danville jail to allow him to make confidential telephone calls to federal and state authorities so that Godfrey may obtain proof of assistance he has offered to such authorities; he alleges that the judge presiding over pending state criminal proceedings against him in the Danville City Circuit Court has ordered him to obtain such proof before his upcoming sentencing hearing on June 29, 2006. Godfrey further claims that the state court judge has denied him counsel and will not accept his pro se motions. Because these allegations do not concern the defendants in the original complaint, the claims could not be properly joined to this action, and the court will deny Godfrey's motions to amend accordingly. See Fed. R. Civ. P. 18(a). Moreover, because the defendants in the existing case have no authority to grant the relief he seeks in his motions for interlocutory injunctive relief, concerning access to legal materials and telephone calls at the Danville City Jail, the court will also deny Godfrey's motions for interlocutory relief.

The court finds, however, that if particularized, Godfrey's new allegations may state actionable § 1983 claims against someone at the Danville jail for denial of access to courts. See Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Godfrey may also be able to demonstrate that he is entitled to interlocutory injunctive relief as to such claims. Therefore, the court will direct the clerk to make copies of these pleadings (Dkt. #14, #21 and #23) and file them as a new civil action under § 1983. In that new action, the court will take the motions for interlocutory relief under advisement and require plaintiff to particularize his new allegations. An appropriate order shall be issued this day.

2

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to the defendants.

ENTER: This 12th day of June, 2006.

/s/ James C. Turk
Senior United States District Judge

3