CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY F. GODFREY,<br>    Plaintiff, | Civil Action No. 7:06-cv-00187 |
| v. | **MEMORANDUM OPINION** |
| WASHINGTON COUNTY, VIRGINIA,<br>SHERIFF, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Johnny F. Godfrey, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. By opinion and order dated April 28, 2006, the court dismissed all but three of the claims in this action. The remaining claims are:

    a.     The Washington County Sheriff and unknown officers wrongfully transported Godfrey from North Carolina to Virginia in March 2006 without following proper extradition procedures;

    b.     The Washington County Sheriff and Tim Evans denied plaintiff adequate access to legal materials, legal postage, and other materials necessary for pursuing his litigation efforts while he was housed at the Southwestern Virginia Regional Jail (SWVRJ) in 2006; and

    c.     The Washington County Sheriff, Tim Evans, unknown jail medical directors, and Mrs. Huff acted with deliberate indifference to plaintiff's serious medical needs while he was housed at the SWVRJ in 2006.

Godfrey also has another case pending before this court--Civil Action No. 7:06-cv-00360, against Danville Jail officials. Godfrey has greatly hindered the progress of his cases by continuing to file pleadings listing both docket numbers and discussing issues in both cases at once. The pleadings have been docketed in both cases until now. Upon review of the record, the court will grant some

1

of Godfrey's proposed amendments and will clarify the matters pending before the court in this case.[1] The motions will be addressed by separate opinion and order in Godfrey's other case.

Godfrey has filed numerous motions seeking to supplement his complaint with additional factual allegations, documentation, and argument to the action. See Dkt. Nos. 13, 16, 31, 34, and 35. To the extent that these motions concern the three claims that the court has identified as pending in this case, the motions will be granted. To the extent that these motions seek to add claims concerning events at the Danville City Jail or Powhatan Correctional Center (PCC), or to reinstate claims alleging misconduct by Godfrey's defense counsel or the trial judge or the wrongfulness of his detention in Virginia, his motions to amend must be denied. Godfrey may pursue his claims about the Danville Jail in his other case, Civil Action No. 7:06-cv-00360. If Godfrey wishes to pursue claims about events at PCC, he may file a new and separate civil action in the United States District Court for the Eastern District of Virginia, as such claims arose within the jurisdiction of that

---

[1] The following claims are **not** pending in this case, either because they have been dismissed by previous opinion and order **or** because they are pending in Godfrey's other case, Civil Action No. 7:06-cv-00360:
1. All claims that challenging the fact or length of Godfrey's detention or the fairness of his criminal trials in Washington County and the City of Danville, Virginia;
2. All claims against James Cupp, the public defender appointed to represent Godfrey in the Danville criminal matters, or that attorney's supervisor, Mr. Shank;
3. All claims that Danville Jail officials denied Godfrey his right to access the courts, to access legal materials, or adequate medical treatment while he was housed at that jail;
4. All claims against Polk County, North Carolina, and officials there;
5. All claims concerning the grievance procedures at SWVRJ;
6. All claims concerning the following living conditions at the SWVRJ: denial of adequate food; the requirement that he be cuffed when out of his cell; denial of adequate recreation, fresh air, and sunlight; waiting in a cold cell for hours before transport to a court appointment; and denial of adequate in-cell communication devices to alert officers of safety risks.
7. All claims of retaliation by officials at SWVRJ; and
8. All claims of verbal harassment by guards at SWVRJ.

2

court. As explained at length in previous opinions, if Godfrey wishes to challenge the fact or length of his confinement for any reason, including the alleged misconduct of his attorney, he must first exhaust state court remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973). As Godfrey has never presented this court with any evidence that he has raised his habeas claims before the Supreme Court of Virginia as required to exhaust state court remedies in Virginia, he may not proceed with a habeas petition in this court at this time under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, or 42 U.S.C. § 1983.

Godfrey may, however, pursue his § 1983 claims for monetary damages against the Washington County Sheriff and the two transport officials who allegedly brought him to Virginia from another state without proper extradition procedures at the sheriff's direction. He should amend as soon as possible, however, to identify these officers and name them as defendants so that they may be served with the complaint.[2] Plaintiff is hereby notified that if he does not amend to provide names and addresses for these unknown defendants so that the court can accomplish service of process upon them within 90 days from entry of this order, the court will dismiss all claims against them without prejudice, pursuant to Fed. R. Civ. P. 4(m).

As Godfrey is no longer housed at SWVRJ, all of his claims for injunctive relief against defendants there must be dismissed as moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987). In his amendments, however, Godfrey also seeks monetary damages for defendants' alleged

---

[2] Godfrey alleges in one motion to amend (Dkt. No. 31 at 11) that he was unlawfully seized in North Carolina, based on erroneous information from Detective Mike Martin of Washington County Sheriff's Department and Detective Holly of the Danville City Police Department. Because he does not allege specific facts indicating that these individuals were personally involved in transporting Godfrey back to Virginia without proper extradition procedures, or that they ordered his transport in this manner, the court will not add these defendants to the claim at this time.

3

violations. As to the three remaining claims the court has identified, Godfrey's requests for monetary damages survive his relocation. See Mawhinney v. Henderson, 542 F.2d 1 (2d Cir. 1976).

Finally, the court finds no merit to Godfrey's motion (Dkt. No. 16) seeking reconsideration of the court's judgment dismissing from this action several claims that alleged uncomfortable living conditions at SWVRJ. Godfrey fails to demonstrate that any of the challenged conditions presented constitutional violations. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An order will enter this day in accordance with this memorandum opinion.

**Godfrey is hereby advised that after issuance of this opinion, he will be required to list only one case number on each document that he submits to the court. Any document he submits with two case numbers on it will be returned to him without being docketed, and the court will consider in each case only those issues that the court has recognized.**

ENTER: This 21st day of August, 2006.

/s/ James C. Turk
Senior United States District Judge