CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 4 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY FRANK GODFREY, <br> Plaintiff, | Civil Action No. 7:06-cv-00187 |
| v. | **MEMORANDUM OPINION** |
| WASHINGTON COUNTY, VA, et al., <br> Defendants. | By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiff Johnny Frank Godfrey, a Virginia inmate proceeding pro se, brought this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. By previous opinions and orders, the court has dismissed all but one of Godfrey's claims. The only issue remaining before the court is Godfrey's complaint that officials from the Washington County, Virginia Sheriff's Office transported him from Polk County, North Carolina, back to Virginia to face criminal charges without ensuring that he had first received all due process protections to which he was entitled after he refused to waive extradition. The defendants filed a motion for summary judgment, arguing that they had a good faith basis for believing that they were not violating Godfrey's constitutional rights when they transported him from Polk County to Virginia. Upon review of the record, the court concludes that the action must be dismissed with prejudice for failure to prosecute.

After defendants filed the motion for summary judgment, the court issued a notice to plaintiff as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of his opportunity to file a response to the motion. The notice also advised Godfrey:

> If plaintiff does not respond to defendants' pleadings, the court will assume that plaintiff has lost interest in the case, and/or that plaintiff agrees with what the defendants state in their responsive pleadings. If plaintiff wishes to continue with the case, it is necessary that plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as

1

outlined above. **However, if plaintiff does not file some response within the twenty (20) day period, the court will dismiss the case for failure to prosecute.**

In addition, in the court's initial orders in this case, the court clearly notified plaintiff that if he did not immediately notify the court of any change of address, his case would be dismissed.[1]

More than thirty days have elapsed since issuance of the Roseboro notice, and Godfrey has not responded to defendants' motion for summary judgment. Godfrey has not notified the court that he has had any change in his address and has not otherwise communicated with the court during this time, and the notice sent to him at his last known address was not returned to the court as undeliverable. Given Godfrey's failure to respond to the evidence and arguments that defendants have submitted in their motion for summary judgment, the court assumes that he either agrees with their arguments or has lost interest in pursuing the case. Accordingly, the court will dismiss the case without prejudice, pursuant to Federal Rules of Civil Procedure Rule 41(b), for failure to prosecute. An appropriate order will be entered this day. **Should Godfrey desire to continue pursing the claims raised in this action, he must file a motion to reinstate this case, stating his reasons for not responding in a timely fashion to the Court's Roseboro notice and addressing the concerns set forth in the dispositive motion filed by defendants in this case.**

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff at the last address he provided to the court and to counsel of record for the defendants.

ENTER: This 4th day of December, 2007.

*James C. Turk*
Senior United States District Judge

---

[1] Paragraph 8 of the court's order entered April 7, 2006, read as follows:
Plaintiff shall notify the Court immediately upon plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

2

Case 7:06-cv-00187-JCT-mfu   Document 106   Filed 12/04/07   Page 2 of 2   Pageid#: 667